## Rankin, Appellant, *v.* Sanders.

A note payable in specific articles may be declared on, as an ordinary promissory note. On judgment overruling a demurrer to a count on a note payable in cotton at a specified price, held that judgment by default in favor of the plaintiff was regular, although the declaration contained the money counts without a bill of particulars, to which the plea of non-assumpsit was filed, as to which there appeared no disposition upon the record.

APPEAL from the circuit court of the county of Wilkinson.

This was an action of assumpsit, founded on a promisory note for 495 dollars, payable in cotton, at twelve cents per pound, at a future day, and at a particular place. The declaration contained a special count on the note as an ordinary promissory note. Also, the common money counts, and assigned the usual breach. There was no bill of particulars accompanying the common counts.

The defendant demurred as to the first count, and plead non-assumpsit as to the others. The court overruled the demurrer, and the plaintiff took judgment by default, final. There was no issue as to the plea of non-assumpsit, and no disposition of the common money counts.

The errors assigned are, the overruling of the demurrer, the insufficiency of the declaration, on the judgment by default.

Farrish and Simrall, for appellant.

The instrument of writing declared on is not a promissory note. Three or four absolute requisites must concur before an instrument of writing can become a promissory note, and entitled to all its privileges. 1st. It must be for the payment of *money* only; and not for the payment of money and the performance of something else. Chitty on Bills, 8th Am. ed. 152.

The payment must be absolute, and not contingent; it must be for a sum certain. It must not be payable out of a particular fund. 1st Bibb, 502.

Rankin, Appellant, *v.* Sanders.

A note payable in bank bills is not a promissory note, 4th Mass. 245; 5th Cowen, 286; 1st McCord, 115; 6th Cowen, 108; Cook *v.* Sutterlee and Sutterlee, meets and decides fully the very question raised by the demurrer in the case at bar.   The case in Cowen counted on the following writing: "ninety days after date pay plaintiff or bearer $400, (and take up their note given to A. B. for that amount, dated, &c.")   General demurrer.   The court sustained the demurrer, because the note was given for the payment of money and the performance of something else, to wit, the taking up of this note to A. B.

The note in the case at bar is not for the payment of money absolutely, but for the delivery of $495 worth of cotton, at a certain time, at Brady & McComb's warehouse, in Bayou Sara.   If Saunders had tendered to Rankin, in the month of May, 1840, at the warehouse of Brady & McComb, Bayou Sara, $495, it would have been no compliance with his promise.   He did not promise to pay him money, but $495 worth of cotton, at 12 cents per lb., at the time and place specified, and the failure to deliver the cotton at the time and place constituted a breach of the promise, and not the failure to pay the money.   The four hundred and ninety-five dollars must be considered in the nature of liquidated damages, the amount that Rankin was entitled to recover for the non-delivery of the cotton.

2d.  The declaration does not allege a breach of the promise contained in the note or writing.

The court below in overruling the demurrer based its opinion exclusively upon the statute, How. and Hutch. Digest, 373, making all "bonds, bills single, promissory notes, and all other writings for the payment of money or any other thing, assignable," and giving the assignee or endorsee all defences that the assignor or endorser might have had.   I cannot conceive how the statute either directly or remotely could have influenced the question. The instrument sued on in this case is not a promissory note by the Law Merchant of England, or any of the States of this Union. The statute of Anne does not declare what shall or shall not be a bill of exchange or note; it merely gave a negotiable character to such instruments, leaving it to the common law to ascertain what were and what were not bills of exchange and promissory notes.

Rankin, Appellant, *v.* Sanders.

The instrument of writing sued on in this case is not a negotiable note within the statute of Anne, because it is not by the common law a promissory note.

Our statute, just alluded to, makes all choses in action assignable by endorsement, and in this enlarges the statute of Anne, and changes the common law by permitting the makers of the instruments to set up the same defences at the suit of the endorsee which might have ever been made between the original parties to the instruments.

It is conceived that this is the only interference by the statute with the common law, that the statute does not declare that a promissory note which was not so before.

The instrument declared on is not assignable by the common law; but the statute, in making it so, neither enlarges, nor abridges, nor in the slightest degree affects its common law character, saving its negotiability. I should not have alluded to the statute at all but that the court below relied upon it in overruling the demurrer.

3d. The court erred in entering up judgment by default final for the sum of $495, with interest, &c.

The language of the statute is, that in all suits on "any writing obligatory, bill, promissory note, or other writing, for the payment of a sum certain, if the defendant demur to the declaration, and the demurrer be not sustained, the court shall enter up final judgment for the sum due with interest." We have already seen that the instrument declared on was not a promissory note. Is it "any other instrument for the payment of a sum certain?" We have also seen that it is not an instrument for the payment of money at all, but an agreement to deliver $495 worth of cotton of a certain character at a certain place. It was not such a writing upon which the court could enter up final judgment, but if the court was right in overruling the demurrer, the judgment should have been "by default with a writ of enquiry," and the jury should have assessed the plaintiff's damages for the non-delivery of the cotton; and had the plaintiff below proven any special damage, he could have recovered for it over and above the $495, with interest.

4th. The court erred in entering up final judgment upon the whole declaration, when there were pleas unanswered to the three last counts of said declaration.

Rankin, Appellant, *v.* Sanders.

The court will perceive in the preamble of the judgment—that it is said, the defendant below saying nothing further in bar of the plaintiff's action, but wholly making default. Did the state of the pleadings authorise such judgment? Could the court give judgment for the whole action, when three counts of the declaration were pleaded to, and those pleas unanswered? The plaintiff below is certainly entitled to a trial on the three counts, nor can the defendant below plead recovery on the first count in bar of the recovery. The case would then present the absurdity of two records and two judgments; whereas his whole declaration makes out but one cause of action, and the plaintiff below was entitled to but one judgment on the same. It is conceived that the plaintiff below should have entered a *nolle prosequi* as to the three last counts of his declaration, to have made his judgment good on the first. The record shows a default as to the first count, but the court gives judgment upon the whole declaration, and therefore such a judgment as the record did not warrant. 1st Strange 532, is a case in point. Four counts in the declaration; non-assumpsit as to three; demurrer to the fourth; plaintiff can recover all he goes for on the demurrer; and as to the want of a *nolle pros.* to the three counts, that can be taken advantage of on entering up final judgment by writ of error. 1st Salk. 219; 1st Strange 219; 1st Saunders' Rep. 109 and notes. 2d Call. 39 & 48.

L. K. Barber, contra.

As to the first error assigned, if the instrument declared on is not a promissory note, the court below might have been wrong in overruling the demurrer, to the first count in the declaration. Although the proper manner for the appellant to take advantage of this error would have been by a bill of exceptions to the opinion of the court below, yet even if the question had not been decided by the court below, that the note sued on is a promissory note, I believe that the authorities are sufficient to make it appear in this court, that it is a promissory note, and that it has been rightly declared on as such. Upon this point all the other errors depend. Chitty on bills, page 324.

According to the statute of Ann, the note now in controversy might not be a negotiable instrument, so as to make an endorser

Rankin, Appellant, *v.* Sanders.

liable. But according to the statutes of this state, Howard & Hutch. Digest, page 373, chap. xxxv. sec. 12, it is a negotiable note, and would hold an endorser liable.

"All bonds, obligations, bills single, promissory notes, and other writings for the payment of money, or any other thing, shall, &c. &c." A note payable in York state bills or specie is a negotiable note, and may be declared on as a promissory note, 9 John. Rep. page 120. This was a promissory note, for the reason that it was the same as it would have been had it stated to have been payable in current bank paper of the state.

"A note for the payment of a certain quantity of tobacco," at a certain price per hundred, is a note for the payment of money, 3 Marsh's Reports page 284. The case relied on in Wheaton is not applicable in this case, for that was a note for the payment of money, and the performance of something else, and the one at bar is not. A note payable at a future day, with a memorandum that it may be discharged in salt, at a certain rate per bushel, after the day of payment specified in the note has expired, the note becomes negotiable; and payable in money. The maker has not the right to pay the salt, after that day, 4 Yerger's Reports, page 177.

In every special agreement the promises must be mutual, and the one that first violates the conditions specified is liable for damages. There is nothing in this instrument or note that requires the appellee to do, or not to do, a certain thing, different from that required in a promissory note, of the common form, whereby the appellant might bring an action on the case for damages, in case of non-performance, &c. But it is simply this—a promise from Saunders to Rankin, to pay him the said Rankin the sum of $495, and as a special favor granted to Saunders. Saunders therefore had the privilege during the month of May of discharging the said note, by the delivery of the cotton; and evidence that he had delivered the cotton at the time specified, would have been a good bar to said action. But if the appellant failed to deliver the cotton within the time specified in said instrument, he could not deliver it at all, for at the very moment the time limited expired, the instrument became a money contract, and the appellant became liable, for the amount of money in said instrument specified. The rule that has governed, and that now governs questions

similar to the one at bar in the courts of England, as well as the courts of this country, has been to enquire, whether the instrument sued on, is negotiable or not.   It has been shown that the writing declared on, if not negotiable by common law, or the statute of Ann, it is made so by the statutes of this state.   Then, according to the general rule, it may be declared on as a promissory note.   In 5 Term Reports, page 485, 486, Lord Kenyon in the case of Carlos *vs.* Fancort, held that a promissory note, payable on a contingency, could not be declared on as a promissory note; and the only reason was, that it was not negotiable.   Had the instrument in the last case referred to, been negotiable, the question would have been settled, that it was rightly declared on, as a promissory note.

The breach of the defendant's promise to pay in all cases of bills and notes is included in the common or general breach at the end of the common counts.   Chitty on Bills, 6th Am. from the 6th Lond. ed. p. 490.

In declaring on a promissory note payable at a particular place, and at a particular time, it is not necessary to allege in the declaration, in an action against the maker, that a demand was made at the particular place and time; and if the sum of $495 was to be paid in cotton within the month of May, it is not necessary to allege that Rankin demanded the cotton of Saunders; for the only construction that can be placed on the latter clause of the instrument is, that Saunders is to pay Rankin $495 at all events, giving Saunders a special privilege, during the month of May, to deliver the cotton in discharge of said note.   Saunders was not bound to deliver the cotton; but if he had delivered the cotton in the month of May, it would have cancelled the debt.   But if Saunders failed to deliver the cotton within the month of May, he could not deliver it at all, for at the moment the time limited expired, the note was payable in money.   Therefore the general breach stating that Saunders had not paid the money, is correct, for the money was at the expiration of the time limited, in which the cotton was to be delivered, due and demandable.

The statute in Howard and Hutchinson's Digest is explicit on this point. · If the instrument, as was held by the court below, is rightly declared on, the court did not err.   A promise to pay $250

Rankin, Appellant, *v.* Sanders.

in shirting, at 30 cents per yard. Held that $250 was the measure of damages. 3d Conn. Rep. p. 58, Brook *v.* Hurberd. In the case now at bar the measure of damages is $495, a sum certain, which damages may be assessed, without the intervention of a jury. If a writ of inquiry had been awarded, the sum certain in the note would have been the only means by which they could measure the damages. If the damages are for a sum certain, or may be made certain by computation, the order for judgment final, without a writ of inquiry, was rightly entered upon the record. 1st Wheaton, 215.

TURNER, Justice.

This was an action on the case founded on a promissory note for the payment of 495 dollars, in cotton, at twelve cents per pound, at a future day, and at a particular place. The declaration contains, first, a count on the note, as a promissory note, and secondly, the usual money counts, but filed no account or bill of particulars. The defendant demurred to the first count, and plead the general issue to the others. The court overruled the demurrer, and the plaintiff took judgment by default final. The defendant below sued out this writ of error, and assigns for error, that the court erred in overruling the demurrer; that the declaration was insufficient; that the case should have been submitted to a jury either on the plea of non-assumpsit, or on a writ of inquiry.

The plaintiff in error contends that the instrument sued on is not a promissory note. It is not necessary, at this day, to enter at large on the investigation of this subject. The decisions have been uniform in this state, that a note of this description is a promissory note, and may be declared on as such. The maker promises to pay to the payee, a sum certain, to wit, 495 dollars at a day and place certain, in cotton, at a certain price. The promise is in the usual form of a promissory note; and the promise to pay in cotton at a particular time and place, is a privilege given to the maker, to make payment either in cash or cotton. If in cash, the sum was ascertained; if in cotton, that was capable of being made certain, by the most simple mode of calculation. But, if there was any doubt about this matter under the British statutes, there can be none under ours. Hut. and Howard, 373, sec. 12.

Rankin, Appellant, *v.* Sanders.

As to the other errors assigned, we think there is nothing in them. On overruling a demurrer to a declaration for a sum certain, the statute allows judgment final to be rendered, unless the defendant can show a meritorious defence, by affidavit. This was not done.

In the case of Gridley *v.* Briggs & Co., 2 Howard, 830, the law is well settled, that on a declaration on a promissory note, with the common counts, and no bill of particulars filed, it is not error to dispense with a writ of inquiry, and verdict of a jury. See also 3 Howard, 46. We consider that the plea of non-assumpsit to the common counts, does not alter the case. The plaintiff below claimed nothing and has obtained nothing under those counts, and a trial by jury would have been nugatory without a bill of particulars, or an account filed.

I refer to the very full and able briefs of the counsel on each side.

Judgment affirmed.